# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| BRENDA L, DAMM,<br><br>    Plaintiff,<br><br>v.<br><br>WOODS & BATES,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:16-cv-03305<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR RELIEF PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, BRENDA L. DAMM ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of WOODS & BATES ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA).

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

### PARTIES

4. Plaintiff is a 61 year old natural person residing at 209 E. Concord Dr., Petersburg, Illinois, which lies in the Central District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. From its office located at 306 Clinton St., Lincoln, Illinois, Defendant is in the business collecting delinquent consumer debts of others, including a debt allegedly owed by Plaintiff.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

### FACTS SUPPORTING CAUSES OF ACTION

8. Plaintiff sought treatment from Abraham Lincoln Memorial Hospital ("Lincoln Memorial").

9. Due to lack of income, Plaintiff was unable to pay the Lincoln Memorial bill ("subject consumer debt").

10. Upon information and belief, Lincoln Memorial turned the account over to Defendant for collections.

11. On or around November 17, 2015, Defendant caused to be sent to Plaintiff a collection correspondence seeking payment on a debt allegedly owed by Plaintiff to Abraham Lincoln Memorial Hospital. *See* attached Exhibit A is a true and correct photocopy of the October 26, 2016 correspondence.

12. The correspondence showed an Account Balance of $3,479.48. *See* Exhibit A.

13. The last paragraph of the letter states "This is an attempt to collect a debt, and any information obtained will be used for that purpose." *Id.*

14. Nowhere on the correspondence did Defendant disclose that it was a debt collector. *Id.*

15. Confused by Defendant's correspondence, Plaintiff contacted CLP regarding her rights.

16. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

17. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

18. Plaintiff has been unfairly misled by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with legal action."
> 15 U.S.C. §§1692e(11)

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

21. Defendant violated 15 U.S.C. §1692e(11) in its collection correspondence dated October 26, 2016. In the last paragraph of the correspondence there is a sentence which reads "This is an attempt to collect a debt, and any information obtained will be used for that purpose." While this

satisfies part of 15 U.S.C. §1692e(11), it leaves out the vital and required disclosure that Defendant is in fact a debt collector.

22. As an experienced and sophisticated debt collector, Defendant knows that it must disclose itself as a debt collector since this communication was not a formal pleading. This is especially important in light of the fact that Defendant is an attorney and the correspondence had "Attorney at Law" in the letterhead. As a result, Defendant's correspondence was misleading and gained an unfair advantage over her as consumers are more likely to take immediate action when they believe there are already legal proceedings involved.

23. As pled in paragraphs 15 through 18, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, BRENDA L. DAMM, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 18, 2016                    Respectfully Submitted,

s/ Daniel M. Spector
Daniel M. Spector, Esq. #6301224
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Central District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
daniel.s@consumerlawpartners.com
davidklain@aol.com