IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRENDA L. DAMM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> WOODS & BATES, ) <br> ) <br> Defendant. ) | Case No. 16-3305 |

OPINION

RICHARD MILLS, United States District Judge:

Pending before the Court is the Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

I. FACTUAL BACKGROUND

Plaintiff Brenda L. Damm has filed this action asserting that Defendant Woods & Bates violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The Complaint includes one count wherein the Plaintiff alleges the Defendant violated the FDCPA in attempting to collect a debt.

The Defendant is in the business of collecting delinquent consumer debts of others and is a "debt collector," as defined by § 1692a(6) of the FDCPA, because it

regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

The Plaintiff sought treatment from Abraham Lincoln Memorial Hospital ("Lincoln Memorial"). Due to a lack of income, the Plaintiff was unable to pay the Lincoln Memorial bill. Lincoln Memorial turned the account over to the Defendant for collection. The Plaintiff states that, on or about November 17, 2016, the Defendant sent a correspondence dated October 26, 2016, seeking payment on a debt allegedly owed by the Plaintiff to Lincoln Memorial. The correspondence showed an Account Balance of $3,479.48. The last paragraph of the letter states, "This is an attempt to collect a debt, and any information obtained will be used for that purpose."

The Plaintiff claims that nowhere on the correspondence did the Defendant disclose it was a debt collector. She contacted counsel regarding her rights. The Plaintiff alleges she has incurred costs and expenses, suffered financial loss and been unfairly misled due to the Defendant's collection actions.

The Defendant moves to dismiss on the basis that it did not violate the FDCPA.

II. DISCUSSION

A. Legal standard

The Court accepts as true all of the facts alleged in the Complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.* However, the claim need not be probable: a well-pleaded complaint may proceed even if the court finds that "actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *See Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (citation omitted). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id.*

The FDCPA was designed to "protect consumers from abusive, deceptive, and unfair debt collection practices." *See Jenkins v. Heintz*, 124 F.3d 824, 828 (7th Cir. 1997). "In the most general terms, the FDCPA prohibits a debt collector from using certain enumerated collection methods in its effort to collect a 'debt' from a

consumer." *Id.* (citation omitted). To ascertain whether a statement is deceptive, a court should consider "how an unsophisticated consumer would perceive the statement." *See Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). The court in *Marquez* noted it had previously cautioned that "in determining whether a statement is confusing or misleading, a district court must tread carefully because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." *Id.* (quotation marks and citation omitted). Consequently, a dismissal under Rule 12(b)(6) is appropriate only if there is no set of facts based on the pleadings under which a plaintiff could obtain relief. *See id.*

B. Statutory language

The Plaintiff relies on § 1692e(11) which describes the following as a violation:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11). The Plaintiff states that Defendant violated § 1692e(11) in its collection correspondence dated October 26, 2016, because that correspondence does not specifically state that Defendant is a debt collector.

The Defendant disputes it was required to state that its October 26, 2016 letter was from a debt collector because that was its initial written communication to the Plaintiff. It contends the Plaintiff's complaint is predicated on an interpretation of § 1692(e)(11) which would require every debt collector in the initial communication to the consumer to both: (a) state the communication is an attempt to collect a debt and all information obtained would be used for that purpose, and (b) that the sender of the communication attempting to collect the debt is a debt collector. The Defendant asserts that no such requirement exists under § 1692(e)(11) because it is only "in subsequent communications" that the sender is required to remind the consumer of its status as a debt collector. Any other interpretation would render "in subsequent communications" obsolete and surplusage, given that Congress could easily have required debt collectors to disclose in all communications that they are collectors attempting to collect a debt and all information would be used for that purpose.

It does not appear that the United States Court of Appeals for the Seventh Circuit has addressed in a published opinion whether a debt collector must

5

specifically identify itself as a debt collector in an initial communication. However, § 1692e(11) appears to be quite clear on what is required of a debt collector in an initial communication and in a subsequent communication. Section 1692e(11) requires a disclosure "in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." By stating, "This is an attempt to collect a debt, and any information will be used for that purpose;" the Defendant has a strong argument that it complied with the statute. In any subsequent communications, the Defendant would also have had to identify itself as a debt collector to comply with the statute.

One court of appeals has recognized that no more than this is required of a debt collector. In *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007), the Ninth Circuit noted that the debt collector stated, "This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id*. at 931. Citing the statute, the court stated "the failure to include [this language] is a violation." *See id*. The Ninth Circuit further observed that the statute "requires in subsequent communications only a statement that the communication is from a debt collector." *Id*. (internal quotation marks omitted).

Another court of appeals found that the failure of a debt collector to affirmatively identify itself as such in a subsequent communication was excusable. *See Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 955 (8th Cir. 2006). The Eighth Circuit stated:

> The September 2002 letter states, "Federal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose." Though the letter does not say it is from a debt collector, the fact it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a "debt collector." While the unsophisticated consumer test is meant to protect consumers of below average sophistication, it also involves an element of reasonableness that prevents bizarre interpretations of debt collection notices.

*Id*. The court in *Volden* found that the letter "effectively conveys" it is from a debt collector and thus did not violate the statute, thereby excusing the a debt collector's failure to specifically identify itself as such in a subsequent communication. *See id*.

The Court is not persuaded by the Plaintiff's reliance on *Smith v. Greystone Alliance LLC*, 2011 WL 1303377 (N.D. Ill. 2011), wherein the district court stated that "§ 1692e requires a debt collector to disclose in all communications other than formal pleadings made in connection with a legal action that the communication is from a debt collector." *See id*. at *4. The statement in *Greystone* is inconsistent

7

with the text of § 1692e(11), which specifies the different obligations of a debt collector depending on whether the communication is an initial or subsequent one.

As the Defendant notes, the Plaintiff's interpretation would render the "in subsequent communications" language obsolete and surplusage. Congress easily could have required debt collectors to identify themselves as such in all communications with consumers. In fact, the statute might be more readable if it did. The Plaintiff's theory of liability applies to "subsequent communications," which did not occur in this case. However, "[t]he canon against surplusage is not an absolute rule." *Marx v. General Revenue Corp.*, 568 U.S. 371, 133 S. Ct. 1166, 1177 (2013).

For the foregoing reasons, the Plaintiff's complaint cannot survive the Defendant's motion to dismiss unless an unsophisticated consumer would find the language misleading. The Court will next consider how an unsophisticated consumer would perceive the letter.

C. Unsophisticated consumer standard and plausibility of claim

"The unsophisticated consumer may be uninformed, naive, and trusting . . . but is not a dimwit, has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (internal quotation marks and citations omitted).

The Seventh Circuit stated in *Lox* that "the question of whether an unsophisticated consumer would find certain debt collection language misleading [is treated] as a question of fact." *Id*. There are three categories of § 1692e cases regarding this question. *Id*. The court explained:

> The first category includes cases in which the allegedly offensive language is plainly and clearly not misleading. . . In cases of this nature, no extrinsic evidence is needed to show that the reasonable unsophisticated consumer would not be confused by the pertinent language. . . The second category of cases includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer. . . If a case falls into this category, we have held that plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive. . . The final category includes cases involving letters that are plainly deceptive or misleading, and therefore do not require any extrinsic evidence in order for the plaintiff to be successful.

*Id*. (internal quotation marks and internal citations omitted).

As the Court noted, the language does not appear to be confusing on its face. As the Seventh Circuit observed, however, district judges are not typically the "unsophisticated consumers" that the law seeks to protect. *See Marquez*, 836 F.3d at 812. The Plaintiff states in her complaint that she was confused by the Defendant's correspondence because it did not disclose that Defendant was a debt collector.

9

In her response to the Defendant's motion to dismiss, the Plaintiff claims that an unsophisticated consumer such as herself might look at the collection correspondence and reasonably presume she is dealing with a law firm retained to represent Lincoln Memorial. The Plaintiff alleges this is a reasonable interpretation because the first sentence in the correspondence states, "This firm represents Abraham Lincoln Memorial Hospital, and this account has been turned over to us for our attention." The Defendant does not explain the nature of its representation of Lincoln Memorial or that it has been retained as a debt collector. The Plaintiff claims a consumer might reasonably believe that a letter from a law firm signifies the preparation of legal proceedings, not the collection of a debt. Additionally, the Plaintiff contends the correspondence could have been sent to hide the fact that Defendant is a debt collector and to instill fear that the Plaintiff may be subject to legal action for failure to comply with the Defendant's instructions.

Although it finds the October 26, 2016 letter to be relatively straightforward, the Court cannot say that an unsophisticated consumer would interpret the letter in the same manner. The Plaintiff has pointed out examples of some wording which, she says, an unsophisticated consumer might find to be misleading. If these allegations are credited, then the Plaintiff has asserted a plausible claim. Because

the Seventh Circuit has noted that the inquiry is treated as question of fact, *see Lox*, 689 F.3d at 622, the Court concludes that Plaintiff should be afforded a chance to develop the record.

<u>Ergo</u>, the Defendant's Motion to Dismiss for failure to state a claim [d/e 7] is DENIED.

Following the Defendant's Answer, this case is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of scheduling a discovery conference.

ENTER: May 17, 2017

        FOR THE COURT:

        /s/ *Richard Mills*
        Richard Mills
        United States District Judge